

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 2, 1957

Honorable Gordon H. Lloyd                    Opinion No. WW-268
Executive Secretary
Employees Retirement System          Re:  Construction of House
  of Texas                                         Bill No. 441, Acts 55th
Austin, Texas                                     Legislature, Regular
                                                          Session, Chapter 116,
                                                          page 240, and related
Dear Mr. Lloyd:                                    questions.

Your letter of September 19, 1957, requests an Opinion by this office regarding the status of either State employees, or teachers or auxiliary employees, who have previously waived membership or withdrawn deposits with the Employees Retirement System.  In connection therewith you have submitted for our consideration the following questions:

"1.  A person who waived membership with the Employees Retirement System within 90 days from the establishment of the System September 1, 1947, and who now desires to become a member of the Employees Retirement System and deposit with this System the amounts which would have been paid by him if he had not waived.

"Question:  Is the Employees Retirement System permitted to accept such amounts from this person and grant all prior service and membership service to which this person would have been entitled had he never signed a waiver?

"2.  A person who had signed a waiver electing not to become a member of the Employees Retirement System, but who thereafter became a member of the Teacher Retirement System and now desires to deposit with the Employees Retirement System the amount that would have been paid by him to the Employees Retirement System had he not signed a waiver.

"Question: Is the Employees Retirement System permitted to accept the deposits of the teacher or auxiliary employee, now a member of the Teacher Retirement System, for the amount that would have been paid by him as a State employee, had he not signed a waiver with the Employees Retirement System, and grant him such service to which he would have been entitled had he not signed the waiver?

"3.  A person who had become a member of the Employees Retirement System, resigned his position and withdrew his contributions from the Employees Retirement System, but who thereafter became a member of the Teacher Retirement System and now desires to replace the amount withdrawn from the Employees Retirement System and re-establish his service for retirement purposes.

"Question: Is the Employees Retirement System permitted to accept deposits from this person who had withdrawn, but subsequently became a member of the Teacher Retirement System, and grant him, after replacement of the amount withdrawn, the membership and prior service to which he would have been entitled had he not withdrawn his contributions?"

The answer to the questions submitted depends upon the legal construction of House Bill No. 441.  The provisions of House Bill 441, pertinent to our inquiry, are as follows:

"5.  Reinstatement of Former Service Credits.

"(a)  Any teacher or auxiliary employee who has heretofore executed a waiver of membership in the Retirement System shall have the privilege of electing to receive full former service credit, provided such teacher or auxiliary employee after becoming a member of the Retirement System shall deposit before August 31, 1959, all back deposits, assessments and dues which he would have paid or deposited had he been a member of the System during each of the years that he actually taught or was employed as an auxiliary employee in the public schools following the date on which he first became eligible for membership in the System, together

with interest from the date each amount was
payable at the rate of two and one-half per-
cent (2½%) per annum.

"(b)  Any person who heretofore became a
member of the Retirement System and who there-
after terminated such membership and withdrew
his accumulated deposits, but who has since
returned to service as a teacher or auxiliary
employee or who returns to service as a teacher
or auxiliary employee prior to September 1,
1959, and who, following such resumption of
membership, renders service for five (5) con-
secutive years, shall have the privilege of de-
positing the total amount withdrawn plus all
back assessments and dues, together with simple
interest thereon at two and one-half per cent
(2½%) per annum from date of withdrawal of same
to date of redeposit, and thereupon such member
shall be entitled to credit for all prior service
and membership former service to which he was en-
titled prior to such termination and withdrawal.
The amounts to be deposited shall be determined
in each case by the Board of Trustees and in no
event shall any such person be granted retire-
ment upon such former service credits until the
amount so determined shall have been paid in full.

"Provided further, that membership in either
the Teacher Retirement System or the State Em-
ployees Retirement System would qualify an individ-
ual to deposit funds in either of the two systems
under the provisions of this Act." (Emphasis added)

Pursuant to the provisions of Section 63 of Article
XVI of the Constitution of Texas, reciprocal joint retirement
is authorized and provided for under the Teachers and Employ-
ees Retirement Systems of Texas.  This constitutional provi-
sion reads as follows:

"Sec. 63.  Qualified members of the Teacher
Retirement System, in addition to the benefits
allowed them under the Teacher Retirement System
shall be entitled to credit in the Teacher Retire-
ment System for all services, including prior ser-
vice and membership service, earned or rendered
by them as an appointive officer or employee of
the State.  Likewise, qualified members of the
Employees Retirement System of Texas, in addition

to the benefits allowed them under the Employees
Retirement System of Texas shall be entitled to
credit in the Employees Retirement System of Texas
for all services, including prior service and mem-
bership service, earned or rendered by them as a
teacher or person employed in the public schools,
colleges, and universities supported wholly or
partly by the State.   Added Nov. 2, 1954."

The foregoing constitutional provision permits free
and easy passage of career employees of the State between
teaching and State department service.   It enables administra-
tive officials to employ personnel from positions covered under
one system to positions covered under the other system, with-
out disturbing the accumulated credits for retirement purposes.

Subsequent to the adoption of this constitutional
amendment in November, 1954, the Legislature enacted Senate
Bill No. 212, Acts 54th Legislature, Regular Session, Chapter
75, page 356, codified as Article 6228a-2 of Vernon's Civil
Statutes.   Section 2 (A) and (B) of said Act provides in sub-
stance that members of either the Teachers or the State Employ-
ees Retirement Systems who have terminated or waived membership
in either of said Systems may claim and receive credit for prior
service in either System by complying with the provisions there-
of.   It is noted, however, that there is a limitation with
respect to the time in which a member may comply with such
provisions.   Consequently, before the enactment of House Bill
441, many members of both systems, for various reasons, were
unable to purchase credit for prior service.

It is apparent that if House Bill 441 be construed
to permit the purchase of credits for prior service in the
Employees Retirement System in each or either of the three
categories presented by your letter, it must be by reason of
the final paragraph of said Bill which we have underscored for
emphasis.   The meaning of this paragraph is not free from doubt.
We think, however, that that portion thereof which authorizes
a member of either system to deposit funds in either the Teach-
er Retirement System or the Employees Retirement System is
very significant in arriving at the intention of the Legisla-
ture.   To say that an employee is granted the right to de-
posit funds in either system but is denied the right to re-
ceive credit for prior service in the Employees Retirement
System would be to grant such employees a right, but to deny
him the benefits logically accruing therefrom.   We conclude,
therefore, that House Bill 441 authorizes state employees or
teachers, as the case may be, in each of the three categories
set forth in your letter, to receive credit for prior service

Honorable Gordon H. Lloyd, page 5     (WW-268)


as a State employee by complying with the provisions of said Bill. The effect of our interpretation is to make the provisions of House Bill 441 applicable to the purchase of prior service credits in the Teachers Retirement System, equally applicable to the purchase of such credits for prior service in the Employees Retirement System.

Each of your three questions is accordingly answered in the affirmative.

S U M M A R Y

The provisions of House Bill No. 441, Acts 55th Legislature, Regular Session, Chapter 116, page 240, pertaining to the purchase of credits for prior service in the Teachers Retirement System by members of either the Teachers or Employees Retirement Systems are equally applicable to the purchase of credits for prior service in the Employees Retirement System by members of either system.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore
Assistant

LP:jl:zt

APPROVED:
OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Wayland C. Rivers, Jr.

John H. Minton, Jr.

W. V. Geppert

J. C. Davis, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: James N. Ludlum